CRAIG J. MARIAM  (SBN: 11061)
cmariam@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
999 W. Main Street, #100
Boise, ID 83702
Telephone:  (208) 489-9095
Facsimile:  (877) 306-0043

Attorneys for Defendant
KOCHAVA, INC.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMANDA RUSHING, ASHLEY SUPERNAULT, JULIE REMOLD, and TED POON on behalf of themselves, and as parents and guardians of their children, M.S., L.L., N.B., C.B., R.P., and K.P., and on behalf of all other similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> KOCHAVA, INC., <br><br> Defendant. | CASE NO. 2:21-cv-00322-BLW <br><br> **DEFENDANT KOCHAVA, INC.'S ANSWER TO CLASS ACTION COMPLAINT** <br><br> **[JURY TRIAL DEMANDED]** <br><br> Hon. B. Lynn Winmill |

Defendant Kochava, Inc. ("Kochava") hereby answers Plaintiffs' Class Action Complaint (the "Complaint") as follows:

Except as otherwise expressly recognized herein, Kochava denies each and every allegation contained in the Complaint.  Kochava states that the headings, sub-headings and footnotes throughout the Complaint do not constitute well-pled allegations of fact and therefore require no response.  To the extent a response is required, Kochava denies the allegations in the headings, subheadings, and footnotes in the Complaint.  Kochava expressly reserves the right to seek to amend and/or supplement its Answer as may be necessary.

I.        **INTRODUCTION**

1.        Responding to Paragraph 1, Kochava admits Plaintiffs purport to bring a privacy action against Kochava allegedly arising out of Kochava's services related to online apps created by developers of these apps on mobile devices.  Kochava denies that it has acted or continues to act to "take personal data from children while they play these apps on mobile devices" and further denies that it "monitor[s] their online behavior" and/or "profil[es] them for commercial gain."  Except as otherwise stated, Kochava denies the allegations in Paragraph 1.

2.        Kochava admits that it provides its own proprietary computer code—known as a software development kit ("SDK")—to developers to embed within their apps.  Kochava denies that it is "secretly collecting and transmitting sensitive, personal data about" any children, their devices, or any other personally-identifying data points.  Kochava admits that "persistent identifiers" are "unique data points" typically consisting of numbers and letters.  Kochava denies that it conducts or has ever conducted any monitoring of any children at any time, including when they use their Internet-enabled devices, apps, and websites.   Except as otherwise stated, Kochava denies the allegations in Paragraph 2.

3.        Kochava denies the allegations in Paragraph 3.

4.        Kochava admits that it contracted with the Walt Disney Company ("Disney") to include Kochava's SDK in some versions of the Where's My Water? Apps and Princess Palace Pets during particular time periods.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 4, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 4.

5.        Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the number of apps in which Kochava's SDK is embedded, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 5.

6.      Kochava admits Plaintiffs purport to bring a class action against the Kochava and to represent the described class and subclasses, but denies that a class can be certified in this case.  Kochava also admits Plaintiffs purport to seek injunctive relief and reasonable damages, but denies that Plaintiffs are entitled to relief of any kind. To the extent Paragraph 6 states conclusions of law, no responsive pleading is required. Kochava denies any allegations that it "invaded the reasonable expectation of privacy of both parents and their children." Kochava denies that a reasonable person would find that its practices as to the Apps violate a reasonable person's expectations of privacy, existing social norms, and any legal standards the substantiate such norms. Kochava further denies that it committed any conduct in any manner prohibited by the Children's Online Privacy Protection Act ("COPPA") or any other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 6.

## II.   **PARTIES**

### A.   **Plaintiffs**

7.      Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies those allegations.

8.      Kochava admits that Plaintiffs were also named plaintiffs in another federal lawsuit against Disney and other technology companies, including Kochava and other SDK providers, in the Northern District of California, in the case captioned *Rushing v. The Walt Disney Company*, Case No. 3:17-cv-4419-JD (N.D. Cal.) (the "Disney Action).  Kochava admits that it was dismissed from the Disney Action following its motion to dismiss for lack of personal jurisdiction.  Except as otherwise stated, Kochava denies the allegations in Paragraph 8.

9.      Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9, and on that basis denies those allegations.

10.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10, and on that basis denies those allegations.

11.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11, and on that basis denies those allegations.

12.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12, and on that basis denies those allegations.

**B.     <u>Defendant</u>**

13.     Kochava admits that it is an American technology company headquartered at 201 Church Street, Sandpoint, Idaho 83864.  Kochava admits that it provided its proprietary computer code—its SDK—to developers of apps, including Disney for use and installation in apps.  The last sentence in Paragraph 13 defines the term "Personal Data" as used in the Complaint.  Kochava admits that certain data may be associated with a device, but denies that the phrase "Personal Data," as used in the Complaint, is data that "refers to, is related to, or is associated with an identified or identifiable individual." Except as otherwise stated, Kochava denies the allegations in Paragraph 13.

14.     Kochava admits that it was a Defendant in the Disney Action until it was dismissed for lack of personal jurisdiction in California when the Court in the Disney Action granted its motion to dismiss.  Kochava admits that personal jurisdiction exists over it in Idaho.  Kochava admits that the Court denied in part the Defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) in the Disney Action, holding that the Complaint plausibly alleged claims for intrusion upon seclusion and violations of state consumer protection laws. Kochava admits that the Court in the Disney Action granted final approval to class action settlements with the operative Defendants in the docket entries cited in Paragraph 14. Except as otherwise stated, Kochava denies the allegations in Paragraph 14.

**III.     <u>JURISDICTION AND VENUE</u>**

15.     The allegation in the first sentence of Paragraph 15 is a legal conclusion to which no response is required. To the extent a response is required, Kochava admits this Court has jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332, *et seq.*, and 28 U.S.C. § 1367 and that Plaintiffs purport to summarize,

interpret, or state the contents of those statutes. The allegation in the last sentence of Paragraph 15 relating to the amount of damages at issue in this case is a legal conclusion to which no response is required. To the extent a response is required, Kochava denies the allegation. Except as otherwise stated, Kochava denies the allegations in Paragraph 15.

16.     The allegations in the first sentence of Paragraph 16 are legal conclusions to which no response is required. Kochava admits that its principal place of business and headquarters are in Sandpoint, Idaho (within this District), that Kochava performs work in this District, and that Kochava's business records are kept in within this District.  Kochava denies that any person in the United States has suffered any injury as alleged in this action. To the extent the allegations in this paragraph reference, quote, or rely on material from other documents, the documents speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 16.

17.     The allegations in the first sentence of Paragraph 17 are legal conclusions to which no response is required. Kochava admits that it transacts business and is headquartered in this District.  Kochava denies that any person in the United States has suffered any injury as alleged in this action, or that it committed any conduct giving rise to Plaintiff's claims. Except as otherwise stated, Kochava denies the allegations in Paragraph 17.

## IV.     ALLEGATIONS APPLICABLE TO ALL COUNTS

### A.     Defendant Surreptitiously Exfiltrates Children's Personal Data As They Play Child Apps Containing the Kochava SDK

18.     Kochava admits that its SDK is embedded in apps, including apps promoted as suitable for children.  Except as otherwise stated, Kochava denies the allegations in Paragraph 18.

19.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and on that basis denies those allegations.

20.     Kochava admits that as users play certain versions of the Apps on which its SDK is installed, Kochava receives certain data consistent with what applicable laws and

regulations permit, including COPPA. Kochava denies that such data transmittal constitutes exfiltration, or that it is done without the users' knowledge or consent. Kochava further denies, on information and belief, and based on contracts with Disney prohibiting such actions, that such data is used to track, profile, monitor, and/or target users for Kochava's financial gain or commercial purposes, or for targeted advertising purposes in any manner prohibited by COPPA or other applicable laws. Except as otherwise stated, Kochava denies the allegations in Paragraph 20.

21.     Kochava admits that as users play certain versions of the Apps on which its SDK is installed, Kochava receives certain data consistent with what applicable laws and regulations permit, including COPPA. Kochava denies that such data transmittal constitutes exfiltration, or that it is done without the users' knowledge or consent. Kochava further denies, on information and belief, and based on contracts with Disney prohibiting such actions, that such data is used to track, profile, monitor, and/or target users for Kochava's financial gain or commercial purposes, or for targeted advertising purposes in any manner prohibited by COPPA or other applicable laws. Except as otherwise stated, Kochava denies the allegations in Paragraph 21.

22.     Kochava admits that as users play certain versions of the Apps on which its SDK is installed, Kochava receives certain data consistent with what applicable laws and regulations permit, including COPPA. Kochava denies that such data transmittal constitutes exfiltration, or that it is done without the users' knowledge or consent. Kochava further denies, on information and belief, and based on contracts with Disney prohibiting such actions, that such data is used to track, profile, monitor, and/or target users for Kochava's financial gain or commercial purposes, or for targeted advertising purposes in any manner prohibited by COPPA or other applicable laws. Except as otherwise stated, Kochava denies the allegations in Paragraph 22.

23.     Responding to Paragraph 23 of the Complaint, Kochava denies the suggestion that it engages in any targeted advertising as to the Apps in any manner, including in any

manner prohibited by COPPA or other applicable laws. Except as otherwise stated, Kochava denies the allegations in Paragraph 23.

24.     To the extent the allegations in this paragraph relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 24.

### 1.     Kochava's SDK Is Embedded in Child Apps

25.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 25, its figures, and its subparagraphs, and on that basis denies those allegations.  To the extent the allegations in Paragraph 25, its figures, and subparagraphs reference, quote, or rely on material from third party websites, the websites speak for themselves and are the best evidence of their contents.  Except as otherwise stated, Kochava denies the allegations in Paragraph 25, its figures, and its subparagraphs.

26.     Kochava admits that its SDK is embedded in certain apps advertised as child-oriented and suitable for children.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 26 and on that basis denies such allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 26.

### 2.     Kochava Uses Persistent Identifiers to Track Children

27.     Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by COPPA or other applicable laws.   Kochava admits that "Persistent identifiers" are a set of data points that may be comprised of numbers and letters.  Except as otherwise stated, Kochava denies the allegations in Paragraph 27.

28.     Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by

COPPA or other applicable laws. Kochava admits that both the ID for Advertisers ("IDFA") and ID for Vendors ("IDFV") are unique, alphanumeric strings that can be associated to a device. Except as otherwise stated, Kochava denies the allegations in Paragraph 28.

29.     Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by COPPA or other applicable laws. Kochava admits both the Android Advertising ID ("AAID") and Android ID are unique, alphanumeric strings that can be associated to a device. Except as otherwise stated, Kochava denies the allegations in Paragraph 29.

30.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30, and on that basis denies those allegations.

31.     Kochava denies the suggestion that it collects or uses persistent identifiers in any manner prohibited by COPPA or other applicable laws. Except as otherwise stated, Kochava denies the allegations in Paragraph 31.

**3.      The Moment Users Launch A Child App Containing the Kochava SDK, The App Sends Children's Personal Data to Kochava**

32.     Kochava admits that as users play certain versions of the Apps on which its SDK is installed, Kochava receives certain data consistent with what applicable laws and regulations permit, including COPPA. Kochava admits that its receipt of data is invisible to the child playing the app. Kochava denies that such data transmittal constitutes exfiltration, or that it is done without the users' knowledge or consent. To the extent the allegations in this paragraph relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 32.

33.     Kochava admits that as users play certain versions of the Apps on which its SDK is installed, Kochava receives certain data consistent with what applicable laws and regulations permit, including COPPA. Kochava admits that its receipt of data is invisible to

the child playing the app.  Kochava denies that such data transmittal constitutes exfiltration, or that it is done without the users' knowledge or consent.  Kochava denies the suggestion that it collects or uses "Personal Data" in any manner prohibited by COPPA or other applicable laws.  To the extent the allegations in this paragraph relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 33.

34.     Kochava admits that as users play certain versions of the Apps on which its SDK is installed, Kochava receives certain data consistent with what applicable laws and regulations permit, including COPPA.  Kochava denies that such data transmittal constitutes exfiltration, or that it is done without the users' knowledge or consent. Kochava denies the suggestion that it collects or uses "Personal Data" in any manner prohibited by COPPA or other applicable laws.  To the extent the allegations in this paragraph relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 34.

**B.     Kochava is a Technology Company that Contracts with Numerous Developers that Make Child Apps—Such as Disney—to Use Those Child Apps to Track Children**

35.     Kochava admits that it is an American technology company that provides mobile attribution services, which permit advertisers to attribute an app installation to an advertisement.  To the extent the allegations in Paragraph 35 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited

by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 35.

36.     Kochava admits that it markets its SDK capabilities to include "cross-device algorithms" and that its advertising materials include the graphic depicted in Paragraph 36. To the extent the allegations in Paragraph 36 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 36.

37.     Kochava admits that it markets its services to include cross-device attribution. To the extent the allegations in Paragraph 37 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 37.

38.     Kochava admits that it markets its SDK capabilities to include mobile attribution across platforms and advertising networks.  To the extent the allegations in Paragraph 38 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 38.

39.     Kochava denies the allegations in Paragraph 39 and refers to the cited websites for their full contents.  To the extent the allegations in Paragraph 39 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and

are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 39.

40.     Kochava denies the allegations in Paragraph 40 and refers to the cited websites for their full contents.  To the extent the allegations in Paragraph 40 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by COPPA or other applicable laws.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 40, and on that basis denies those allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 40.

### C.     Kochava Exfiltrates Children's Personal Data While They Play the Child Apps

41.     Kochava admits that its SDK is embedded in certain versions of the Apps.  To the extent the allegations in this paragraph relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 41, and on that basis denies those allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 41.

### Princess Palace Pets

42.     Kochava admits that its SDK embedded in the Princess Palace Pets app communicates with Kochava's servers.  Kochava admits that Princess Palace Pets app may send a request to the Kochava SDK embedded in the Princess Palace Pets app, and in such

event, the Kochava SDK's transmission may contain an IDFA and IDFV (for Apple devices) or AAID (for Android devices).  Kochava denies that its SDK collects "Personal Data" for any purposes prohibited by COPPA or other applicable laws.  To the extent the allegations in Paragraph 42 relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 42.

43.     Kochava denies the allegations in Paragraph 43.

44.     Kochava admits that its SDK measurement data may contain information about the user's language, device screen size, manufacturer's make and model of the device, operating system, and the app identification number.  To the extent the allegations in Paragraph 44 relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 44.

**Where's My Water?**

45.     Kochava admits that its SDK embedded in the Where's My Water? app communicates with Kochava's servers.  Kochava admits that the Where's My Water? app may send a request to the Kochava SDK embedded in the Where's My Water? app, and in such event, the Kochava SDK's transmission may contain an IDFA (for Apple devices) or AAID (for Android devices).  Kochava denies that its SDK collects "Personal Data" for any purposes prohibited by COPPA or other applicable laws.  To the extent the allegations in Paragraph 45 relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 45.

46.     Kochava denies the allegations in Paragraph 46.

47.     Kochava admits that its SDK measurement data may contain information about the user's language, device screen size, manufacturer's make and model of the device, operating system, and the app identification number.  To the extent the allegations in Paragraph 47 relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 47.

### Where's My Water? 2

48.     Kochava admits that its SDK embedded in the Where's My Water? 2 app communicates with Kochava's servers.  Kochava admits that the Where's My Water? 2 app may send a request to the Kochava SDK embedded in the Where's My Water? 2 app, and in such event, the Kochava SDK's transmission may contain an IDFA (for Apple devices) or AAID (for Android devices).  Kochava denies that its SDK collects "Personal Data" for any purposes prohibited by COPPA or other applicable laws.  To the extent the allegations in Paragraph 48 relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 48.

49.     Kochava denies the allegations in Paragraph 49.

50.     Kochava admits that its SDK measurement data may contain information about the user's language, device screen size, manufacturer's make and model of the device, operating system, and the app identification number.  To the extent the allegations in Paragraph 50 relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 50.

**Where's My Water? (Free/Lite)**

51.      Kochava admits that its SDK embedded in the Where's My Water? (Free/Lite) app communicates with Kochava's servers.  Kochava admits that the Where's My Water? (Free/Lite) app may send a request to the Kochava SDK embedded in the Where's My Water? (Free/Lite) app, and in such event, the Kochava SDK's transmission may contain an IDFA (for Apple devices) or AAID (for Android devices).  Kochava denies that its SDK collects "Personal Data" for any purposes prohibited by COPPA or other applicable laws.  To the extent the allegations in Paragraph 51 relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 51.

52.      Kochava denies the allegations in Paragraph 52.

53.      Kochava admits that its SDK measurement data may contain information about the user's language, device screen size, manufacturer's make and model of the device, operating system, and the app identification number.  To the extent the allegations in Paragraph 53 relate to Plaintiffs' forensic analysis, Kochava has not been provided with the forensic analysis or its underlying bases and is therefore without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies such allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 53.

  **D.**  **The Privacy-Invasive and Manipulative Commercial Purposes Behind Defendant's Data Exfiltration, and its Effect on Child Users**

    **1.**  **The Role of Persistent Identifiers in User Profiling and Online Advertising**

54.      Kochava denies the allegations in Paragraph 54.

55.      Kochava denies the allegations in Paragraph 55.

56.      Kochava denies the allegations in Paragraph 56.

57.     Kochava denies the allegations in Paragraph 57 and refers to the referenced FTC document in full for its content.

58.     Kochava denies the allegations in Paragraph 58 and refers to the referenced FTC document in full for its content.

59.     Kochava denies the allegations in Paragraph 59.

60.     Kochava denies the allegations in Paragraph 60 and refers to the referenced FTC document in full for its content.

61.     Kochava denies the allegations in Paragraph 61 and refers to the referenced document in full for its content.

62.     Kochava denies the allegations in Paragraph 62 and refers to the referenced document in full for its content.

63.     Kochava denies the allegations in Paragraph 63 and refers to the referenced document in full for its content.

64.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and on that basis denies those allegations and refers to the referenced document in full for its content.  Except as otherwise stated, Kochava denies the allegations in Paragraph 64.

65.     Kochava denies the allegations in Paragraph 65 to the extent they relate to Kochava.  Kochava denies any suggestion in Paragraph 65 that Kochava engaged in conduct prohibited by COPPA or other applicable laws.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 65, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 65.

66.     Kochava denies the allegations in Paragraph 66 to the extent they relate to Kochava.  Kochava denies any suggestion in Paragraph 66 that Kochava engaged in conduct prohibited by COPPA or other applicable laws.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 66,

and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 66.

67.     Kochava denies the allegations in Paragraph 67 to the extent they relate to Kochava.  Kochava denies any suggestion in Paragraph 67 that Kochava engaged in conduct prohibited by COPPA or other applicable laws.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 67, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 67.

68.     Kochava denies the allegations in Paragraph 68.

### 2.  Kochava Uses Children's Personal Data to Profile Them, Despite Children's Heightened Vulnerability to Advertising

69.     Kochava denies the allegations in Paragraph 69.

70.     Kochava denies the allegations in Paragraph 70 to the extent they relate to Kochava.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 70.

71.     Kochava denies the allegations in Paragraph 71 to the extent they relate to Kochava.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 71.

72.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 72.

73.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 73, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 73.

### 3. Defendant Exfiltrates and Analyzes Children's Personal Data to Track the Effect of Their Ads on Children's Behavior

74.     Kochava denies the allegations in Paragraph 74.

75.     Kochava denies the allegations in Paragraph 75.

76.     Kochava admits that it markets its ability to offer advertising attribution services through its SDK.  To the extent the allegations in Paragraph 76 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, and/or targeting purposes in any manner, including any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 76.

77.     Kochava denies the allegations in Paragraph 77.

### 4. Kochava Uses Personal Data to Encourage Children to Continue Using the App, Increasing Risks Associated with Heightened Mobile Device Usage

78.     Kochava denies the allegations in Paragraph 78 to the extent they relate to Kochava.  Kochava denies any suggestion in Paragraph 78 that Kochava engaged in conduct prohibited by COPPA or other applicable laws.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 78, and on that basis denies those allegations and refers to the referenced third party video in full for its content.  Except as otherwise stated, Kochava denies the allegations in Paragraph 78.

79.     Kochava denies the allegations in Paragraph 79 to the extent they relate to Kochava.  Kochava denies any suggestion in Paragraph 79 that Kochava engaged in conduct prohibited by COPPA or other applicable laws.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 79, and on that basis denies those allegations and refers to the referenced third party video in full for its content.  Except as otherwise stated, Kochava denies the allegations in Paragraph 79.

80.     Kochava denies the allegations in Paragraph 80.  To the extent the allegations in Paragraph 80 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, targeting, and/or any other purpose in any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 80.

81.     Kochava denies the allegations in Paragraph 81.  To the extent the allegations in Paragraph 81 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, targeting, and/or any other purpose in any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 81.

82.     Kochava denies the allegations in Paragraph 82.  To the extent the allegations in Paragraph 82 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, targeting, and/or any other purpose in any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 82.

83.     Kochava denies the allegations in Paragraph 83.  To the extent the allegations in Paragraph 83 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, targeting, and/or any other purpose in any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 83.

84.     Kochava denies the allegations in Paragraph 84.  To the extent the allegations in Paragraph 84 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the

suggestion that its SDK collects data for tracking, profiling, targeting, and/or any other purpose in any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 84.

85.     Kochava denies the allegations in Paragraph 85.  To the extent the allegations in Paragraph 85 reference, quote, or rely on material from Kochava's websites, the websites speak for themselves and are the best evidence of their contents.  Kochava denies the suggestion that its SDK collects data for tracking, profiling, targeting, and/or any other purpose in any manner prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 85.

86.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and on that basis denies those allegations and refers to the referenced document in full for its content.  Except as otherwise stated, Kochava denies the allegations in Paragraph 86.

87.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and on that basis denies those allegations and refers to the referenced document in full for its content.  Except as otherwise stated, Kochava denies the allegations in Paragraph 87.

88.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and on that basis denies those allegations and refers to the referenced document in full for its content.  Except as otherwise stated, Kochava denies the allegations in Paragraph 88.

89.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and on that basis denies those allegations and refers to the referenced document in full for its content.  Except as otherwise stated, Kochava denies the allegations in Paragraph 89.

90.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and on that basis denies those allegations and refers

to the referenced document in full for its content.  Except as otherwise stated, Kochava denies the allegations in Paragraph 90.

     **E.**       **State Privacy Laws Protect Children and Their Parents from Privacy-Invasive Tracking, Profiling, and Targeting of Children Online**

     91.      Paragraph 91 states conclusions of law to which no responsive pleading is required.  To the extent the allegations in Paragraph 91 reference, quote, or rely on third party materials, the cited sources speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 91.

     92.      Paragraph 92 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. To the extent the allegations in Paragraph 92 reference, quote, or rely on third party materials, the cited sources speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 92.

     93.      Paragraph 93 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. To the extent the allegations in Paragraph 93 reference, quote, or rely on third party materials, the cited sources speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 93.

    1.    **Kochava's Surreptitious and Deceptive Collection of Children's Personal Data Violates Plaintiffs' Reasonable Expectations of Privacy and is Highly Offensive**

94.    Paragraph 94 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy.  Except as otherwise stated, Kochava denies the allegations in Paragraph 94.

95.    To the extent the allegations in Paragraph 95 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 95, and on that basis denies those allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 95.

96.    To the extent the allegations in Paragraph 96 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 96.

97.     To the extent the allegations in Paragraph 97 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 97, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 97.

98.     To the extent the allegations in Paragraph 98 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 98, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 98.

99.     To the extent the allegations in Paragraph 99 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 99, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 99.

100.     To the extent the allegations in Paragraph 100 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents. Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy. Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 100, and on that basis denies those allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 100.

101.     To the extent the allegations in Paragraph 101 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents. Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy. Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 101, and on that basis denies those allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 101.

102.     To the extent the allegations in Paragraph 102 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents. Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy. Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 102, and on that basis denies those allegations. Except as otherwise stated, Kochava denies the allegations in Paragraph 102.

103.     To the extent the allegations in Paragraph 103 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 103, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 103.

104.     To the extent the allegations in Paragraph 104 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 104, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 104.

105.     To the extent the allegations in Paragraph 105 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 105, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 105.

106.     To the extent the allegations in Paragraph 106 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 106, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 106.

107.     To the extent the allegations in Paragraph 107 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 107, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 107.

108.     To the extent the allegations in Paragraph 108 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy. Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 108, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 108.

109.     Paragraph 109 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies that a reasonable person would find that Kochava's practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy.  Except as otherwise stated, Kochava denies the allegations in Paragraph 109.

110.     To the extent the allegations in Paragraph 110 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Paragraph 110 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 110, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 110.

### 2.    Kochava's Breach of Privacy Norms Is Compounded by Its Tracking and Profiling of Children

111.     Kochava denies the allegations in Paragraph 111.

112.     Paragraph 112 states opinions to which no responsive pleading is required. To the extent any response is required, Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112, and on that basis denies those allegations.

113.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 113, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 113.

114.     Kochava denies the allegations in Paragraph 114 and refers to the referenced laws, statutes, and other cited materials in full for their contents.

115.     Kochava denies the allegations in Paragraph 115 and refers to the referenced laws, statutes, and other cited materials in full for their contents.

116.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 116.

117.     To the extent the allegations in Paragraph 117 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 117.

118.     To the extent the allegations in Paragraph 118 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of privacy.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 118, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 118.

119.     To the extent the allegations in Paragraph 119 reference, quote, or rely on third party articles and/or material from third party websites, the cited sources speak for themselves and are the best evidence of their contents.  Kochava denies that its conduct as to the Child Apps, including the Apps, violates Plaintiffs' and their children's expectations of

privacy, or any applicable laws and/or regulations.  Kochava further denies that a reasonable person would find that its practices as to the Child Apps, including the Apps, violate a reasonable person's expectations of privacy.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 119, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 119.

120.    Kochava denies the allegations in Paragraph 120.

**F.      The Child Apps Containing the Kochava SDK are Marketed as Suitable for Children and in Compliance with All Applicable Privacy Laws and Norms**

121.    Kochava denies the allegations in Paragraph 121 to the extent they relate to Kochava.  Kochava denies any suggestion in Paragraph 121 that Kochava engaged in conduct prohibited by COPPA or other applicable laws.  Except as otherwise stated, Kochava denies the allegations in Paragraph 121.

122.    Kochava denies the allegations in Paragraph 122 to the extent they relate to Kochava.  Kochava denies any suggestion in Paragraph 122 that Kochava engaged in conduct prohibited by COPPA or other applicable laws.  Kochava lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in Paragraph 122, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 122.

**1.      Princess Palace Pets**

123.    Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 123.

**2.      Where's My Water?**

124.    Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 124.

### 3.     Where's My Water? Free/Lite

125.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 125.

### 4.     Where's My Water? 2

126.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 126.

127.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 127, and on that basis denies those allegations.  To the extent the allegations in Paragraph 127 reference, quote, or rely on material from third party websites, the websites speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 127.

128.      Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 128, and on that basis denies those allegations.  To the extent the allegations in Paragraph 128 reference, quote, or rely on material from third party websites, the websites speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 128.

129.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 129, and on that basis denies those allegations.  To the extent the allegations in Paragraph 129 reference, quote, or rely on material from third party websites, the websites speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 129.

130.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 130, and on that basis denies those allegations.  To the extent the allegations in Paragraph 130 reference, quote, or rely on material from third party

websites, the websites speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 130.

131.    Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 131, and on that basis denies those allegations.  To the extent the allegations in Paragraph 131 reference, quote, or rely on material from third party websites, the websites speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 131.

132.    Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 132, and on that basis denies those allegations.  To the extent the allegations in Paragraph 132 reference, quote, or rely on material from third party websites, the websites speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 132.

133.    Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 133, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 133.

134.    Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 134.

135.    Kochava admits that it contracts with Disney and other developers of child-oriented apps.  Kochava denies the suggestion that it collects or uses "Personal Data" in any manner prohibited by COPPA or other applicable laws.  Kochava further denies, on information and belief, and based on contracts with Disney prohibiting such actions, that such data is used to track, profile, monitor, and/or target users for Kochava's financial gain or commercial purposes, or for targeted advertising purposes in any manner prohibited by COPPA or other applicable laws.   Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 135, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 135.

### G.     Kochava Violates Its Own Privacy Commitments

136.     Kochava denies that it failed or fails to comply with its own privacy commitments.  To the extent the allegations in Paragraph 136 rely on Kochava's privacy policies, the policies speak for themselves and are the best evidence of their contents. Except as otherwise stated, Kochava denies the allegations in Paragraph 136.

### H.     Fraudulent Concealment and Tolling

137.     Paragraph 137 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies any allegations that it knowingly or actively concealed any wrongdoing as to the Child Apps, including the Apps. To the extent the allegations in Paragraph 137 relate to the actions of the Plaintiffs or putative Class Members, Kochava is without knowledge or information sufficient to form a belief as to the truth of the allegations and on that basis denies those allegations.

138.     Paragraph 138 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies the allegations in Paragraph 138.

139.     Paragraph 139 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies the allegations in Paragraph 139.

### I.     Named Plaintiff Allegations

#### 1.     Plaintiff Amanda Rushing and Her Child, L.L.

140.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 140, and on that basis denies those allegations.

141.     Kochava admits that it contracted with Disney for the provision of SDK services to Disney.  Kochava denies the remainder of the allegations in Paragraph 141.  As it relates to Plaintiffs' conduct, Kochava lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 141, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 141.

142.     Kochava admits that it contracted with Disney for the provision of SDK services to Disney.  Kochava denies it "was exfiltrating" any child's "Personal Data" using the Apps to track, profile, and target children in any manner, including any manner prohibited by COPPA or other applicable laws.  Kochava denies the remainder of the allegations in Paragraph 142.  As it relates to Plaintiffs' conduct, Kochava lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 142, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 142.

143.     Paragraph 143 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies the allegations in Paragraph 143.  Kochava further denies that its actions were "highly offensive" or constituted any invasion of privacy.

### 2.     Plaintiff Ashley Supernault and Her Child, M.S.

144.     Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 144, and on that basis denies those allegations.

145.     Kochava admits that it contracted with Disney for the provision of SDK services to Disney.  Kochava denies the remainder of the allegations in Paragraph 145.  As it relates to Plaintiffs' conduct, Kochava lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 145, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 145.

146.     Kochava admits that it contracted with Disney for the provision of SDK services to Disney.  Kochava denies it "was exfiltrating" any child's "Personal Data" using the Apps to track, profile, and target children in any manner, including any manner prohibited by COPPA or other applicable laws.  Kochava denies the remainder of the allegations in Paragraph 146.  As it relates to Plaintiffs' conduct, Kochava lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 146, and on that

basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 146.

147.    Paragraph 147 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies the allegations in Paragraph 147.  Kochava further denies that its actions were "highly offensive" or constituted any invasion of privacy.

### 3.    Plaintiff Julie Remold and Her Children, N.B. and C.B.

148.    Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 148, and on that basis denies those allegations.

149.    Kochava admits that it contracted with Disney for the provision of SDK services to Disney.  Kochava denies the remainder of the allegations in Paragraph 149.  As it relates to Plaintiffs' conduct, Kochava lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 149, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 149.

150.    Kochava admits that it contracted with Disney for the provision of SDK services to Disney.  Kochava denies it "was exfiltrating" any child's "Personal Data" using the Apps to track, profile, and target children in any manner, including any manner prohibited by COPPA or other applicable laws.  Kochava denies the remainder of the allegations in Paragraph 150.  As it relates to Plaintiffs' conduct, Kochava lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 150, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 150.

151.    Paragraph 151 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies the allegations in Paragraph 151.  Kochava further denies that its actions were "highly offensive" or constituted any invasion of privacy.

### 4.   **Plaintiff Ted Poon and His Children, R.P. and K.P.**

152.   Kochava lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 152, and on that basis denies those allegations.

153.   Kochava admits that it contracted with Disney for the provision of SDK services to Disney.  Kochava denies the remainder of the allegations in Paragraph 153.  As it relates to Plaintiffs' conduct, Kochava lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 153, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 153.

154.   Kochava admits that it contracted with Disney for the provision of SDK services to Disney.  Kochava denies it "was exfiltrating" any child's "Personal Data" using the Apps to track, profile, and target children in any manner, including any manner prohibited by COPPA or other applicable laws.  Kochava denies the remainder of the allegations in Paragraph 154.  As it relates to Plaintiffs' conduct, Kochava lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 154, and on that basis denies those allegations.  Except as otherwise stated, Kochava denies the allegations in Paragraph 154.

155.   Paragraph 155 states conclusions of law to which no responsive pleading is required.  To the extent any response is required, Kochava denies the allegations in Paragraph 155.  Kochava further denies that its actions were "highly offensive" or constituted any invasion of privacy.

## V.   CLASS ALLEGATIONS

156.   Kochava denies the allegations in Paragraph 156, except admits that Plaintiffs seek certification of certain classes and subclasses under Federal Rule of Civil Procedure 23.

157.   Kochava denies the allegations in Paragraph 157, except admits that Plaintiffs purport to seek certification of a class within the definition indicated.

158.     Kochava denies the allegations in Paragraph 158, except admits that certain Plaintiffs propose to act as class representatives.

159.     Kochava denies the allegations in Paragraph 159, except admits that Plaintiffs purport to seek certification of a class within the definition indicated.

160.     Kochava denies the allegations in Paragraph 160, except admits that certain Plaintiffs propose to act as class representatives.

161.     Kochava denies the allegations in Paragraph 161, except admits that Plaintiffs purport to seek certification of a class within the definition indicated.

162.     Kochava denies the allegations in Paragraph 162, except admits that certain Plaintiffs propose to act as class representatives.

163.     Kochava denies the allegations in Paragraph 163, except admits that Plaintiffs purport to seek certification of a class within the definition indicated.

164.     Kochava denies the allegations in Paragraph 164, except admits that certain Plaintiffs propose to act as class representatives.

165.     Paragraph 165 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

166.     Kochava denies the allegations in Paragraph 166, except admits that Plaintiffs purport to exclude certain individuals from the proposed classes.

167.     Paragraph 167 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

168.     Paragraph 168 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

169.     Paragraph 169 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

170.     Paragraph 170 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

171.     Paragraph 171 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

172.     Paragraph 172 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

173.     Paragraph 173 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

174.     Paragraph 174 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

## VI.     CLAIMS FOR RELIEF

### COUNT I
### Intrusion Upon Seclusion
### (Brought on Behalf of the Intrusion Upon Seclusion Class)

175.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 174 as if set forth fully herein.

176.     Paragraph 176 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

177.     Paragraph 177 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

178.     The allegations in Paragraph 178 are legal conclusions to which no response is required.  To the extent a response is required, Kochava denies the allegations in Paragraph 178.  Kochava further denies that a reasonable person would find that its practices as to the Apps violate a reasonable person's expectations of privacy.

179.     Paragraph 179 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations in Paragraph 179. Kochava further denies that a reasonable person would find that its practices as to the Apps violate a reasonable person's expectations of privacy.

180.     Paragraph 180 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

181.     Paragraph 181 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

182.     Paragraph 182 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

183.     Paragraph 183 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

184.     Paragraph 184 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

185.     Paragraph 185 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

186.     Paragraph 186 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

187.     Paragraph 187 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations in Paragraph 187. Kochava further denies that a reasonable person would find that its practices as to the Apps violate a reasonable person's expectations of privacy.

## COUNT II
### California Constitutional Right to Privacy
### (Brought on Behalf of the California Subclass of the Intrusion Upon Seclusion Class)

188.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 187 as if set forth fully herein.

189.     Paragraph 189 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

190.     Paragraph 190 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

191.     Kochava denies the allegations in Paragraph 191.  Paragraph 191 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

192.     Kochava denies the allegations in Paragraph 192.  Paragraph 192 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations in Paragraph 192.  Kochava further denies that a reasonable person would find that its practices as to the Apps violate a reasonable person's expectations of privacy.

193.     Kochava denies the allegations in Paragraph 193.  Paragraph 193 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

194.     Paragraph 194 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

195.     Kochava denies the allegations in Paragraph 195.  Paragraph 195 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

196.     Kochava denies the allegations in Paragraph 196.  Paragraph 196 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

197.     Kochava denies the allegations in Paragraph 197.  Paragraph 197 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

**COUNT III**
**Violation of N.Y. Gen. Bus. Law § 349**
**(Brought on Behalf of the New York Class)**

198.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 197 as if set forth fully herein.

199.     Paragraph 199 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

200.     Paragraph 200 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

201.     Paragraph 201 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

202.     Kochava denies the allegations in Paragraph 202. Paragraph 202 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

203.     Kochava denies the allegations in Paragraph 203. Paragraph 203 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

204.     Kochava denies the allegations in Paragraph 204. Paragraph 204 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

205.     Kochava denies the allegations in Paragraph 205. Paragraph 205 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

206.     Kochava denies the allegations in Paragraph 206. Paragraph 206 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

207.     Kochava denies the allegations in Paragraph 207. Paragraph 207 sets forth a legal conclusion to which no response is required. To the extent that a response is required, Kochava denies the allegations.

## COUNT IV
## Violation of California's Unfair Competition Law
### Cal. Bus. & Prof. Code §§ 17200, *et seq.*
### (Brought on Behalf of the California Subclass of the Intrusion Upon Seclusion Class)

208.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 207 as if set forth fully herein.

209.     Kochava denies the allegations in Paragraph 209.  Paragraph 209 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

210.     Kochava denies the allegations in Paragraph 210.  Paragraph 210 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

211.     Kochava denies the allegations in Paragraph 211.  Paragraph 211 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

212.     Kochava denies the allegations in Paragraph 212.  Paragraph 212 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

213.     Kochava denies the allegations in Paragraph 213.  Paragraph 213 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

214.     Kochava denies the allegations in Paragraph 214.  Paragraph 214 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

215.     Kochava denies the allegations in Paragraph 215.  Paragraph 215 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

## COUNT V
### Violation of Massachusetts' Unfair and Deceptive Trade Practices Statute
### Massachusetts General Laws ch. 93A, et seq.
### (Brought on Behalf of the Massachusetts Class)

216.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 215 as if set forth fully herein.

217.     Kochava denies the allegations in Paragraph 217.  Paragraph 217 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

218.     Kochava denies the allegations in Paragraph 218.  Paragraph 218 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

219.     Kochava denies the allegations in Paragraph 219.  Paragraph 219 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

## COUNT VI
### Violation of Massachusetts' Statutory Right to Privacy
### Massachusetts General Laws ch. 214, § 1B
### (Brought on Behalf of the Massachusetts Class)

220.     Kochava incorporates by reference its responses to the allegations in Paragraphs 1 through 219 as if set forth fully herein.

221.     Paragraph 221 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

222.     Kochava denies the allegations in Paragraph 222.  Paragraph 222 sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Kochava denies the allegations.

## VII.   PRAYER FOR RELIEF

Kochava denies the allegations contained in the Prayer and denies that Plaintiffs are entitled to any of the requested relief.

/ / /

/ / /

/ / /

## <u>AFFIRMATIVE DEFENSES</u>

Kochava sets forth below its affirmative defenses. By enumerating the subjects below as affirmative defenses, Kochava does not concede that any such matter is an affirmative defense, as opposed to an element of Plaintiffs' claim as to which they bear the burden of proof. Kochava does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to the Plaintiffs.  Moreover, nothing stated herein is intended to or shall be construed as an acknowledgement that any particular issue or subject matter necessarily is relevant to Plaintiffs' allegations.

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Lack of Standing)

The claims of Plaintiffs and the purported classes are barred in whole or in part because Plaintiffs and/or members of the purported classes lack standing to assert any or all of the causes of action alleged.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Article III Standing)

The claims of Plaintiffs and the purported classes are barred in whole or in part because Plaintiffs and/or members of the purported classes lack standing under Article III of the United States Constitution.

### FOURTH AFFIRMATIVE DEFENSE

### (No Injury / No Damage)

The claims of Plaintiffs and the purported classes are barred in whole or in part because they have not sustained any injury or damage by reason of any act or omission by Kochava.

## FIFTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

The claims of Plaintiffs and the purported classes are barred in whole or in part to the extent Kochava's conduct was not the actual or proximate cause of any alleged damages suffered by Plaintiffs.

## SIXTH AFFIRMATIVE DEFENSE

### (Primary Jurisdiction Doctrine)

The claims of Plaintiffs and the purported classes are barred in whole or in part by the doctrine of primary jurisdiction.

## SEVENTH AFFIRMATIVE DEFENSE

### (Preemption)

The claims of Plaintiffs and the purported classes are barred and preempted in whole or in part by federal law, including under COPPA, 15 U.S.C. § 6502(d).

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

The claims of Plaintiffs and the purported classes are barred in whole or in part by the doctrine of waiver.

## NINTH AFFIRMATIVE DEFENSE

### (Estoppel)

The claims of Plaintiffs and the purported classes are barred in whole or in part by the doctrine of estoppel.

## TENTH AFFIRMATIVE DEFENSE

### (Improper Class Action)

This action is not properly maintainable as a class action as alleged by Plaintiffs, because, without limitation, Plaintiffs are not proper class representatives, the class is not ascertainable, irresolvable conflicts exist within the class, a class action is not a superior means of adjudication, individual issues predominate, and Ninth Circuit precedent bars a nationwide class.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Violation of First Amendment and Free Speech Rights)

The claims of Plaintiffs and the purported classes are barred in whole or in part because Plaintiffs' claims violate Kochava's free speech rights under the First Amendment of the United States Constitution and under the Free Speech Clause to the California Constitution. Cal. Const. art. 1, § 2.

## TWELFTH AFFIRMATIVE DEFENSE

### (Violation of Additional Constitutional Rights)

The claims of Plaintiffs and the purported classes are barred in whole or in part because (a) said claims constitute an impermissible burden on interstate commerce in violation of Article I, Section 8 of the United States Constitution; (b) said claims violate the Excessive Fines Clause of the Eighth Amendment to the United States Constitution; (c) said claims violate Kochava's right to Due Process under the Fifth and Fourteenth Amendment of the United States Constitution and under the California Constitution; (d) said claims contravene the constitutional prohibition against vague and overbroad laws; (e) said claims reflect an unlawful delegation of prosecutorial power to private parties in violation of Article II of the United States Constitution, the separation of powers doctrine, and the provisions of Article V of the California Constitution; (f) an award on said claims would work an unlawful taking of property in violation of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Section 19 of the California Constitution, and (g) would violate the Contracts Clauses of the United States and California Constitutions.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Consent and/or Ratification)

Plaintiffs have consented to and/or ratified the conduct alleged in the Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Conduct of Other Parties)

Plaintiffs are not entitled to any recovery from Kochava because any alleged injury was caused in whole or in part by acts or omissions of persons or entities other than Kochava.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims of Plaintiffs and the purported classes are barred in whole or in part by the applicable statute of limitation.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The claims of Plaintiffs and the purported classes are barred in whole or in part by the doctrine of unclean hands from maintaining each and every purported claim against Kochava, or from recovering any damages thereunder from Kochava.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Laches)

The claims of Plaintiffs and the purported classes are barred in whole or in part by the doctrine of laches.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

The claims of Plaintiffs and the purported classes are barred in whole or in part by their failure to mitigate damages.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Duty to Disclose)

The claims of Plaintiffs and the purported classes are barred in whole or in part to the extent it relies on an alleged failure to disclose for which Kochava was under no duty to disclose.

## TWENTIETH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Punitive damages are not recoverable by Plaintiffs or any member of the purported classes or subclass.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Comparative Negligence)

The claims alleged are barred or must be reduced under the doctrine of comparative negligence.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Contributory Negligence)

The claims alleged are barred or must be reduced under the doctrine of contributory negligence.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Intervening and Superseding Causes)

Each claim is barred, in whole or in part, by the independent, intervening, illegal conduct, and/or superseding acts of Plaintiffs, third-parties or other parties or persons including, but not limited to, Plaintiffs, without Kochava's participation, control, involvement, or knowledge.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

Any damages or other recovery to which Plaintiffs may be entitled were caused in whole or in part by the wrongful acts or omissions of persons or entities other than Kochava, whereas, any acts or omissions of Kochava were without negligence or unlawfulness of any kind and were secondary to such other persons or entities. To the extent Kochava is found liable in any amount, Kochava is entitled to complete or partial equitable indemnity from such other parties.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**(Contractual Indemnity)**

Any damages or other recovery to which Plaintiffs may be entitled were caused in whole or in part by the wrongful acts or omissions of persons or entities other than Kochava, whereas, any acts or omissions of Kochava were without negligence or unlawfulness of any kind and were secondary to such other persons or entities. To the extent Kochava is found liable in any amount, Kochava is entitled to complete or partial contractual indemnity from such other parties.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**(Conduct Permitted by Law)**

Each of the alleged claims is barred, in whole or in part, as the conduct complained of is permitted by law.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**(Express Consent)**

Each of the alleged claims is barred, in whole or in part, because the actions complained of were taken with the express consent of the relevant individual.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**(Notice As Required by Law)**

Each of the alleged claims is barred, in whole or in part, because the actions complained of were taken after provided adequate notice to the relevant individual as required by law.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

**(Release or License)**

Each of the alleged claims is barred, in whole or in part, because the actions complained of were taken subject to a release or license provided by the relevant individual.

**THIRTIETH AFFIRMATIVE DEFENSE**

**(Disclosure)**

Each of the alleged claims is barred, in whole or in part, because the actions complained of were adequately disclosed to the relevant individual.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation of Additional Defenses)

Kochava reserves the right to assert other defenses as discovery progresses. Additionally, Kochava specifically reserves all affirmative or other defenses that it may have against Plaintiffs and putative classes. It is not necessary at this time for Kochava to delineate such defenses against the putative classes because not classes have been certified, and the putative class members are not parties to this litigation.

### <u>DEMAND FOR JURY TRIAL</u>

Kochava hereby demands a trial by jury on all issues so triable.

### <u>DEFENDANT'S PRAYER FOR RELIEF</u>

WHEREFORE, Kochava prays as follows:

1.      That Plaintiffs take nothing by reason of their Complaint;

2.      That Kochava be awarded their costs and expenses of suit, including reasonable attorneys' fees; and

3.      For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated:  October 8, 2021                    GORDON REES SCULLY MANSUKHANI, LLP

By:      */s/ Craig J. Mariam*
         _____
         Craig J. Mariam
         *Attorneys for Defendant*
         KOCHAVA, INC.

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 8th day of October, 2021, a true and correct copy of the foregoing document was filed electronically with the Clerk of the Court using the Court's CM/ECF electronic filing system, which will send an electronic copy of this filing to all counsel of record.

/s/ *Craig J. Mariam*
Craig J. Mariam
