UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMANDA RUSHING, ASHLEY SUPERNAULT, JULIE REMOLD, and TED POON on behalf of themselves, and as parents and guardians of their children, M.S., L.L., N.B., C.B., R.P., and K.P., and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>v.<br><br>KOCHAVA, INC.<br><br>          Defendant. | Case No. 2:21-cv-322 - BLW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE SETTLEMENT CLASS** |

On November 17, 2021, a hearing was held on the motion of Plaintiffs, Amanda Rushing, Ashley Supernault, Julie Remold, and Ted Poon ("Plaintiffs") for an order in the above-captioned putative class action (the "Action"):

(1) finding the Court will likely approve the parties' proposed Fed. R. Civ. P. 23(b)(2) class action settlement (the "Settlement"); (2) finding the Court will likely certify the Settlement Class for purposes of judgment; (3) appointing Plaintiffs as Class Representatives for the Settlement Class; (4) appointing Lieff, Cabraser, Heimann & Bernstein, LLP and Carney Bates & Pulliam PLLC, as Class

Counsel for the Settlement Class; (5) directing notice to the Settlement Class and approving the form and manner of the Notice Plan; and (6) scheduling deadlines for (i) Class Counsel to file their Motion for Final Approval (the "Final Approval Motion") and separate motion for an award of reasonable attorneys' fees and expenses (the "Attorneys' Fees Motion"); (ii) Settlement Class Members to file objections to the Settlement or Attorneys' Fees Motion, and for Class Counsel to respond to any such objections; and (iii) a hearing on the final approval of the Settlement and Attorneys' Fees Motion.

Having considered Plaintiffs' Motion for Preliminary Approval (Dkt. 10) and all exhibits and other evidence submitted in supporting thereof, the Court hereby ORDERS that Plaintiffs' Motion (Dkt. 10) is GRANTED as follows:

## I.   **Nature of Action**

Kochava, Inc. ("Kochava") is an Idaho-based technology company that was a Defendant in one of three coordinated and related privacy class actions concerning mobile apps pfaopular with children in the Northern District of California (the "*Disney* Action" and collectively the "Northern District Actions").[1] Plaintiffs allege that Kochava violated common-law protections concerning parents' and their children's privacy by embedding its software code in child-

---

[1] *Rushing v. The Walt Disney Company,* Case No.: 3:17-cv-04419-JD (N.D. Cal.) is the "*Disney* Action," which together with *McDonald v. Kiloo A/S*, Case No. 3:17-cv-04344-JD (N.D. Cal.) and *Rushing v. Viacom, Inc.*, Case No.: 3:17-cv-04492-JD (N.D. Cal.) comprise the "Northern District Actions."

oriented apps (Princess Palace Pets, Where's My Water?, and Where's My Water? Free/Lite (collectively, the "Apps")) and collecting personal information for commercial gain . *See* Dkt. 1 (Compl.) ¶¶ 2-6, 13, 18-53, 74-77, 91-135.  And while the Northern District of California Court denied Kochava's and the other Defendants' 12(b)(6) motion to dismiss, it granted Kochava's personal jurisdiction motion after it argued that it was subject to jurisdiction in Idaho, but not in California.  *See* the *Disney* Action, Dkt. 114 (personal jurisdiction motion); Dkt. 118 (MTD Order) at 21-22.

Defendant denies Plaintiffs' factual allegations, denies any wrongdoing or legal violations, and maintains that it has complied with the Children's Online Privacy Protection Act ("COPPA") requirements for the treatment of children's data and has not used any such data for commercial gain in violation of any state law, as Plaintiffs allege.  Further, Defendant maintains that it has not and does not use any personal data to serve or target advertisements to mobile app users in violation of COPPA or any state law.  However, after years of hard-fought litigation in the Northern District Actions by Plaintiffs' counsel to prove their claims, followed by many more months of protracted negotiations, the parties reached a Settlement with Kochava that calls for, inter alia: (1) limitations on the collection and use of children's personal data, (2) business practice changes that exceed existing legal requirements, and (3) injunctive relief that will extend

industry-wide to cover thousands of apps played by children containing Kochava's software code.  These changes mean that Kochava joins its former co-Defendants in agreeing to make similar business practice changes approved in the *Disney* Action, further extending the impact of those settlements to thousands of children's apps that contain Kochava's software code.

## II.   <u>Class Certification for Purposes of Settlement</u>

The Court hereby finds it will likely certify the Settlement Class for purposes of judgment on the Settlement, the definition of which was included in Plaintiffs' Motion for Preliminary Approval.  The Court is likely to find, for purposes of settlement only, that the Settlement Class independently satisfies all of the requirements for certification under Federal Rules of Civil Procedure 23(a) and (b)(2):

(a)     For settlement purposes only, members of the Settlement Class are so numerous that joinder of all members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion;

(b)     For settlement purposes only, there are questions of law and fact common to the members of the Settlement Class;

(c)     For settlement purposes only, the Plaintiffs that seek to represent the Settlement Class have claims that are typical of the claims of Settlement Class that they seek to represent;

(d)     For settlement purposes only, Plaintiffs that seek to represent the Settlement Class have fairly and adequately represented the interests of the Settlement Class and will continue to do so;

(e)     For settlement purposes only, Plaintiffs and the Settlement Class Members are represented by qualified, reputable counsel who are experienced in preparing and prosecuting class actions; and

(f)     For settlement purposes only, the Defendant has acted or refused to act on grounds that apply to the Settlement Class defined in the Settlement, so that final injunctive relief is appropriate to the Settlement Class defined in the Settlement.

Accordingly, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(2), the Court certifies the Settlement Class and appoints named Plaintiffs and their Counsel as representatives of the Settlement Class.

## III.     **Preliminary Approval of the Settlement**

A trial court may approve a proposed settlement if it is determined to be "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2).  Preliminary approval should only be granted where the parties have "show[n] that the court will likely be able to . . . approve the proposal under Rule 23(e)(2)."  Fed. R. Civ. P. 23(e)(1)(B); *see also O'Connor v. Uber Technologies, Inc.*, No. 13-cv- 03826-EMC, 2019 WL 1437101, at *4 (N.D. Cal. 2019).  "The Court cannot, however, fully assess such

factors until after the final approval hearing; thus, a full fairness analysis is unnecessary at th[e] [preliminary approval] stage." *Uschold v. NSMG Shared Services, LLC*, 333 F.R.D. 157, 169 (N.D. Cal. 2019) (quoting Alberto v. GMRI, Inc., 252 F.R.D. 652, 665 (E.D. Cal. 2008) (internal quotation marks omitted)). And while the trial court must make a preliminary finding of fairness, there is a "'strong judicial policy that favors settlements, particularly where complex class action litigation is concerned.'" *See Ayala v. Coach, Inc.*, No. 14-CV-02031-JD, 2016 WL 9047148, at *2 (N.D. Cal. Oct. 17, 2016) (quoting *Class Ptfs. v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992)).

The Court hereby finds that it is likely to approve the proposed Settlement under the relevant factors for final approval. The Court has reviewed the terms of the Settlement, including the injunctive relief provided to the Settlement Class and the release of claims, and Plaintiffs' motion papers. Based on review of those papers, the Court finds and concludes that the Settlement is the result of good-faith, prolonged, serious, informed, and non-collusive arms'-length negotiations after Class Counsel had adequately investigated Plaintiffs' claims, including through discovery, and become familiar with their strengths and weaknesses. The Settlement was reached after serious, informed, arm's-length negotiations that directly built upon the previous efforts of JAMS mediators Judge Gandhi (Ret.) and Lexi W. Meyer related to the Northern District *Disney* Action, supporting the

finding that the Settlement is non-collusive.  The Settlement will also avoid

substantial additional costs to all parties, as well as avoid the delay and risks

presented by further prosecution of issues during pre-trial, trial, and possible

appeal. Additionally, Class Counsel's review of the discovery provided in the

Northern District Action and evaluation of the strength of the Settlement Class's

claims against Defendant supports the scope of relief set forth in the Settlement

Agreement. Consistent with the class certification pursuant to Rule 23(b)(2) the

Settlement does not release damages or other monetary claims for any class

members or their children, except for the class representatives and their children.

Based on all of these factors, including strengths of the proposed injunctive relief,

the Court concludes that the Settlement meets the criteria for preliminary

settlement approval.  The Settlement has no obvious defects and is likely to be

approved as fair, reasonable, and adequate, such that notice to the Settlement Class

is appropriate.

**IV.    <u>Notice</u>**

The Court approves, as to form and content, the proposed Notice Plan (the

"Notice"), attached as Exhibit B to the Angeion Declaration in support of the

Motion for Preliminary Approval, which mirrors the Notice approved in the

Northern District Actions. The Notice appropriately informs Settlement Class

Members about, among other things: (1) the pendency of the Lawsuit and of the

Settlement, including the terms thereof; (2) the Class Representatives' applications

for service awards; (3) the procedures for filing an objection to the Settlement; (4)

contact information for Class Counsel, and a toll-free number to ask questions

about the Settlement; (5) the address of the case-specific website (the "Class

Settlement Website") maintained by the Settlement Administrator that links to

important case documents, including motion for preliminary approval papers, and

instructions on how to access the case docket via PACER or in person; (6)

important dates in the settlement approval process, including the date of the Final

Approval Hearing (as described below); and (7) Plaintiffs' forthcoming Attorneys'

Fees Motion.

The proposed Notice Plan is a reasonable method calculated to reach

members of the Settlement Class who would be bound by the Settlement. The

Notice will be posted on a website about the Settlement and links to the website

will be published online using contextual advertisements on websites likely to be

visited and used by Settlement Class Members. While Rule 23 "expressly requires

notice only in actions certified under Rule 23(b)(3)," 2003 Advisory Comm. Notes

on Fed. R. Civ. P. 23, the parties have agreed to provide Notice out of an

abundance of caution to alert the Settlement Class and the agreed-upon injunctive

relief. Accordingly, the Court finds and concludes that the proposed Notice plan

**ORDER – 8**

will provide notice in a reasonable manner and satisfies the notice requirements of Federal Rule of Civil Procedure 23(e).

Promptly following the entry of this Order, Class Counsel will prepare final versions of the Notice, incorporating into them the relevant dates and deadlines set forth herein. Then, pursuant to the deadlines set forth at the end of this Order: (1) the Notice (as revised) shall be posted on the Class Settlement Website established by the Settlement Administrator ("Angeion Group"), along with all relevant Court orders in the Actions; and (2) the Notice shall be disseminated pursuant to the Notice Plan as described herein and in Plaintiffs' preliminary approval papers. The Parties shall pay the cost of the Notice Plan consistent with the provisions in the Settlement Agreement.

The foregoing is the best notice practicable under the circumstances and shall constitute due and sufficient notice to the Settlement Class. As part of the Final Approval Motion, Plaintiffs shall submit declarations to the Court confirming compliance with the notice provisions set forth above.

## V.   **CAFA Notice**

The Court finds that Defendant has complied with the Class Action Fairness Act ("CAFA"). Under CAFA, within "10 days after a proposed settlement of a class action is filed in

court, each defendant that is participating in the proposed settlement" must serve notice of the proposed settlement upon "the appropriate State official of each State in which a class member resides and the appropriate Federal official." 28 U.S.C. § 1715. The Motion for Preliminary Approval of Class Action Settlement was filed on September 3, 2021.  Defendant has filed Notices of Compliance with CAFA attesting that, no later than September 13, 2021, notice of the Settlement containing all documents required by 28 U.S.C. § 1715(b)(1)-(8) was served upon the Attorney General of the United States of America and the appropriate state officials in all states in which a Class Member is known to reside.  *See* Dkt. __.

## VI.   <u>Final Approval Hearing</u>

The Court hereby schedules a hearing (the "Final Approval Hearing") to determine whether to grant final approval of the Settlement pursuant to Federal Rule of Civil Procedure 54(b), as well as to rule on Class Counsel's motion for an award of reasonable attorneys' fees, costs and expenses ("Attorneys' Fees Motion"). The Final Approval Hearing shall take place at the date and time set forth at the end of this Order. The date of the Final Approval Hearing may be changed without further notice to the Settlement Class. However, Plaintiffs are responsible for promptly updating the Class Settlement Website with information about any such change.

Pending the Final Approval Hearing, all proceedings in the Actions, other than proceedings necessary to carry out and enforce the terms and conditions of the Settlement and this Order, are hereby stayed.  Additionally, the Court enjoins all Settlement Class Members from asserting or maintaining any claims to be released by the Settlement until the date of the Final Approval Hearing.

## VII.   **Objection**

Any Settlement Class Member may comment on or object to any aspect of the proposed Settlement or the associated Attorneys' Fees Motion, either on his or her own or through an attorney hired at his or her expense, by following the procedures set forth herein. These procedures and requirements are intended to ensure the efficient administration of justice and the orderly presentation of any Class Member's objection to the Settlement to which he or she is a part, in accordance with the due process rights of all Settlement Class Members.

Any Settlement Class Member who wishes to comment on or object to the Settlement or the Attorneys' Fees Motion must do so in writing. To be considered, any comment on or objection to the Settlement or Fee Motion must be mailed, postmarked no later than the Objection Deadline set forth below, to the Court at the following address: Clerk of the Court for the United States District Court for the District of Idaho, 550 W. Fort Street, Suite 400, Boise, Idaho 83724. It must also include the following information:

(a)     the case name and number (*Rushing et al. v. Kochava*, *Inc.*, Case No., 2:21-cv-322 - BLW);

(b)     the name, mailing address, e-mail address, and signature of the Settlement Class Member and, if represented by counsel, of his or her counsel;

(c)     the specific aspect of the Settlement or Fee Motion to which the Settlement Class Member objects or wishes to comment upon, along with any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the Settlement Class Member wishes to introduce; and

(d)     a statement of membership in the Settlement Class that clearly identifies that his or her child(ren) played one of the Apps and identifies which App(s) his or her child(ren) played and to which Settlement Class the Settlement Class Member purports to belong.

Settlement Class Members who have timely commented on or objected to the Settlement in writing may also appear at the Final Approval Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the hearing. Any Settlement Class Member who wishes to appear at the Final Approval Hearing must submit a Notice of Intention to Appear along with their written comment or objection. If a Settlement Class Member intends to appear at the Final Approval Hearing through

counsel, the Notice of Intention to Appear must also identify all attorneys who will appear at the Final Approval Hearing.

Any Settlement Class Member who does not timely submit such a written comment or objection will not be permitted to raise such comment or objection or appear at the Final Approval Hearing, except for good cause shown, and any Settlement Class Member who fails to object in the manner prescribed by this Order will be deemed to have waived, and will be foreclosed from raising, any such comment or objection, except for good cause shown. The Court will only require substantial compliance with the requirements for submitting an objection.

## VIII.  **Scheduling Order**

The following table summarizes all relevant dates and deadlines set forth in this Order, to which the parties will adhere unless otherwise ordered by the Court:

| Date | Event |
| --- | --- |
| No later than ten (10) business days following the entry of this Order | Notice shall be posted on the Class Settlement Website, along with all relevant Court orders in this action. |
| No later than 65 calendar days before the Final Approval Hearing | Deadline for Plaintiffs to file Final Approval Motion and Attorneys' Fees Motion |
| No later than 30 calendar days before the Final Approval Hearing | Objection Deadline |
| No later than 15 calendar days before the Final Approval Hearing | Deadline to respond to Objections |
| **February 28, 2022, at 10:00 a.m.** | **Final Approval Hearing** (at least 100 days after the date the Preliminary |

Approval Motion is filed, *see* 28
U.S.C. § 1715(d))

Upon application of the parties and good cause shown, the deadlines set forth in this Preliminary Approval Order may be extended by order of the Court without further notice to the Settlement Class. Settlement Class Members must check the Class Settlement Website regularly for updates and further details regarding extensions of these deadlines.

## IX.   <u>Other Provisions</u>

In the event the Court does not grant final approval of the Settlement, or for any reason the parties fail to obtain a Final Judgment as contemplated by the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the Settlement and all orders and findings entered in connection with the Settlement shall become null and void and be of no further force and effect whatsoever, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

This Order shall not be construed or used as an admission, concession, or declaration by or against the Defendant of any fault, wrongdoing, breach, or liability, and shall not be deemed to be a stipulation as to the propriety of class certification, or any admission of fact or law regarding any request for class certification, in any other action or proceeding, whether or not involving the same or similar claims. Nor shall this Order be construed or used as an admission,

ORDER – 14

concession, or declaration by or against Plaintiffs or the other Settlement Class Members that their claims lack merit or that the relief requested is inappropriate, improper, or unavailable, or as a waiver by any party of any defenses or claims he, she, or it may have in the Action or in any other proceeding.

Class Counsel and Defense Counsel are hereby authorized to use all reasonable procedures in connection with the approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement, including making, without further approval of the Court, minor corrections or non-substantive changes to the form or content of the Notice that they jointly agree is reasonable or necessary.

DATED: November 19, 2021

B. Lynn Winmill
U.S. District Court Judge

**ORDER – 15**