# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| AMANDA RUSHING, ASHLEY SUPERNAULT, JULIE REMOLD, and TED POON on behalf of themselves, and as parents and guardians of their children, M.S., L.L., N.B., C.B., R.P., and K.P., and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KOCHAVA, INC.<br><br>Defendant. | Case No. 2:21-cv-00322-BLW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR AWARD OF ATTORNEYS' FEES, REIMBURSEMENTS OF EXPENSES, AND SERVICE AWARDS** |

Having reviewed the Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Service Awards, and the documents submitted in support thereof, the Court now finds, concludes, and ORDERS as follows:

1.  In 2017, Plaintiffs commenced litigation against Defendant Kochava, Inc. ("Kochava"), an Idaho-based technology company, in *Rushing v. The Walt Disney Co.*, No. 3:17-cv-04419-JD (N.D. Cal.) (the "*Disney* Action"), one of three related actions in the Northern District of California (the "Northern District Actions"). Kochava was dismissed on personal jurisdiction grounds after Kochava

argued that this District—and not the Northern District of California—has personal jurisdiction over Kochava.

2. In this action, Plaintiffs allege Kochava violated common law protections concerning parents' and their children's privacy by creating and embedding code in certain child-directed apps— Princess Palace Pets, Where's My Water?, and Where's My Water Free/Lite—to collect personal data for commercial gain. Plaintiffs further allege that Kochava's failure to obtain parental consent to collect and use that data constitutes an egregious violation of traditional social norms concerning privacy and children's vulnerability.

3. Plaintiffs and Class Counsel pursued, on behalf of putative classes of parents or guardians and their children, the following claims: (1) a claim of intrusion upon seclusion under Idaho law; (2) a claim under California's constitutional right to privacy; (3) a claim under Section 349 of the New York General Business Law; (4) a claim under the California Unfair Competition Law, Cal. Bus. & Prof. Code Section 17200; and (5) claims under Chapter 93A and Chapter 214, Section 1B of the Massachusetts General Laws. *See* Dkt. 1 ¶¶ 175-222.

4. After litigating extensively against Kochava in the *Disney* Action, including by requesting and obtaining discovery, the parties conducted extensive negotiations, eventually entering into a settlement under Rule 23(b)(2) of the

Federal Rules of Civil Procedure.  *See* Dkt. 10-6, Ex. Z.  On August 9, 2021, Plaintiffs filed a class action complaint against Kochava followed by a preliminary approval motion on September 3, 2021.  *See* Dkts. 1 & 10.  On November 19, 2021, this Court granted preliminary approval of the Settlement and conditionally certified the settlement class under Rule 23(b)(2).  Dkt. 20.

### **Attorneys' Fees and Expenses**

5.   The parties negotiated a payment cap for reasonable attorneys' fees and expenses, as well as service awards, only after reaching agreement in principle to the core material terms of the injunctive relief.  Specifically, the Settlement provides that Plaintiffs may seek, and Kochava will pay, up to a total of $315,000 in attorneys' fees and expenses.  Settlement ¶ 6.1.  Because the Settlement does not create a common fund, any awards of fees and expenses does not detract from the benefits received by class members.  The parties will accept and not appeal the Court's award of fees and expenses.  *Id.*

6.   In accordance with the Settlement terms, Plaintiffs seek: (1) $307,159.48 in reasonable attorneys' fees, and (2) reimbursement of $7,840.52 in reasonably incurred litigation expenses.

7.   In a class action, a court may award reasonable attorneys' fees as authorized by law or by the parties' agreement.  Fed. R. Civ. P. 23(h).  Where, as here, state substantive law applies, fees are to be awarded in accordance with state

law. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002). Under Idaho law, the lodestar method is "centerpiece of attorney's fee awards." *Stanley v. McDaniel*, 128 Idaho 343, 348 (Ct. App. 1996). Similarly, federal courts apply the lodestar method in class actions where a significant component of the relief obtained is injunctive in nature. *Yeagley v. Wells Fargo & Co.*, 365 F. App'x 886, 887 (9th Cir. 2010) (lodestar method appropriate where no common fund created); *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under the lodestar method, courts multiply the number of hours reasonably expended by a reasonable hourly rate. *Hanlon*, 150 F.3d at 1029 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)); *Stanley*, 128 Idaho at 347.

8. Class Counsel's hours and rates are well documented, as presented in their supporting declaration and the Declaration of Brook B. Bond. The Court finds that Class Counsel devoted a reasonable number of hours to pursuing and litigating claims against Kochava. Moreover, Class Counsel has conducted an audit of all contemporaneously kept time records, excluding duplicative, unnecessary, or irrelevant time entries; entries entered by timekeepers who recorded a *de minimis* amount of time; entries reflecting time spent on Kochava's motion to dismiss for lack of personal jurisdiction in the *Disney* Action; and entries reflecting time spent in preparation of this motion. The Court finds that Class Counsel divided their resources efficiently throughout the litigation. The requested

fee, whether measured against Class Counsel's usual customary hourly rate or against the hourly rates customary in this District, is reasonable in light of all relevant factors.

9. Class Counsel's reasonable lodestar in this action, which is less than the fees requested, is particularly justified in light of the circumstances. *First*, the principal factor to be considered, *i.e.*, the benefits obtained, weighs strongly in favor of granting the requested fee awards. The Settlement represents strong, immediate injunctive relief for class members and their children, and will meaningfully change Kochava's practices in ways that should improve privacy protections for children. *Second*, this action (like the Northern District Actions) presented highly novel and complex issues, both legally and factually. For instance, this action is premised on a common law claim for intrusion upon seclusion, as applied in the context of mobile advertising in child-directed apps. The complex nature of Plaintiffs' claims are reflected in the terms of the Settlement, which was negotiated to reflect the business practices unique to Kochava. *Third*, the Court finds that Class Counsel adequately represented the interests of class members throughout the litigation. *Fourth*, Class Counsel prosecuted Plaintiffs' claims on a purely contingent basis, despite the risk that they might never be compensated. Taken together, these considerations confirm the reasonableness of Plaintiffs' request for attorneys' fees. Accordingly, the Court

approves an attorneys' fees award in the amount of $307,159.48, to be paid by Kochava.

10. The Court further finds that Class Counsel are entitled to reimbursements of the expenses they incurred investigating and prosecuting this matter. *See Staton v. Boeing Co.*, 327 F.3d 938, 974 (9th Cir. 2003). Here, Class Counsel incurred $7,840.52 in out-of-pocket litigation expenses for which they seek reimbursement. The Court finds that these expenses were reasonably incurred and approves the reimbursements, to be paid by Kochava.

## **Service Awards**

11. The Settlement separately provides that Kochava may pay service awards of $1,000 to each of four Class Representatives (*i.e.*, named Plaintiffs), for a total of $4,000. As with attorneys' fees and expenses, the parties will accept and not appeal the Court's decision as to service awards. Settlement ¶ 6.1.

12. Service awards are "fairly typical" in class action cases and "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 958-59 (9th Cir. 2009). In this district, service awards of similar size are routinely approved. *See, e.g.*, *Legere-Gordon v. Firstcredit Inc.*, No. 1:19-CV-360 WBS, 2021 WL 2269503, at *5 (D.

Idaho June 2, 2021) ($1,500 service award); *Lambeth v. Advantage Fin. Servs., LLC*, No. 1:15-CV-33-BLW, 2015 WL 4624008, at *6 (D. Idaho Aug. 3, 2015) ($1,000 service award).

13. Having reviewed the record before it, the Court finds that the requested service awards are reasonable and warranted. Each Class Representative devoted extensive time and energy to these Actions, including providing information to Class Counsel that informed the complaints (in this and the *Disney* Action); regularly communicating with Class Counsel about strategy and major case developments; and providing one or more of his or her (and his or her family's) mobile devices to Class Counsel (which contain highly sensitive and important personal information), so that those devices could be forensically imaged and safely preserved for discovery purposes. In addition, the Class Representatives remained involved and informed throughout the settlement negotiation process with Kochava, agreeing to publicly step forward in a new forum in a new complaint to extend the injunctive relief achieved in the *Disney* Action to Kochava. In doing so, each Class Representative reviewed and approved the final settlement agreement after consulting with Class Counsel.

14. For the reasons set forth above, it is therefore ORDERED that in accordance with the terms of the Settlement, (i) Class Counsel be awarded $307,159.48 in attorneys' fees and $7,840.52 litigation expenses—for a total of

- 8 -

$315,000; and (ii) the Class Representatives each receive $1,000 service awards—for a total of $4,000.

DATED: March 4, 2022

B. Lynn Winmill
U.S. District Court Judge